By the court,
all the judges present, Grijike, Waties, Bay, Johnson, Tkezevant, and Brevard.
This indictment is founded on the statutes of 21 Jac. 1, c. 15, and 8 Hen. 6, c. 9. See Hawk, and Vin. (supra,) which afford a remedy not authorised by the statutes of Ric. 2. It seems that an inquest was held by two justices of the peace, pursuant to the stat. 8 H. 6. An indictment at common Jaw lies for a forcible entry, because it tends to disturb the peace ; and in such indictment it is not necessary to allege, that the party trespassed upon had any estate in the land, but only that he was in quiet possession thereof. 3 Burr. 1698, 1731. 8 T. R. 357. So an indictment on the 5 or 15 Ric. 2, ueed not shew who had the freehold at the time of the force, because those statutes are levelled against such violent methods of obtaining the possession of lands, without respect to the estate the party ousted had therein. 1 Vent. 23. 1 Hawk. P. C. ch. 64, sec. 38. And the party thus violently dispossessed, may maintain a civil action on the stat. 15 Ric. 2, c. 2, against him who makes a forcible entry; or for a forcible detainer, on the stat. 8 H. 6, c. 9. Com. Dig. For. Ent. C.
By stat. 15 R. 2, c. 2, a justice of peace may go to the place where the force is committed, and upon view, make a record of it, and commit the offender, which record being certified to tfie *124 next court, the party convicted shall be there fined. Com. Dig, For.Ent. p. 1.'
By stat- ® c- a justice of the .peace, whether the person be present or gone, shall enquire of such forcible entry, or detainer, an(j ffiaj5.e restitution, &c. The inquisition taken in this cqse, was intended to be in pursuance of this statute. These statutes are all connected, and have relation to one another, and must be considered as all in force here. The stat. 8 If. 6, enables a justice or justices of peace, to take indictments, and award restitution, after conviction. 1 Hawk. P. C. ch. 64, sec. 10. But restitution must be made by the same justice ; unless the indictment be removed to the supreme court, Ib. 13 Vin. Abr. 383, 389.
If the defendant tender a traverse of the force in writing, the justice ought not to make restitution, till the traverse be tried. 1 Hawk. P. C. ch. 64, sec. 58. The traverse must be tried by a jury before the justice. Ib. Or it may be tried in the superior court. See 2 Hale, P. C. 213. Cro. Eliz. 915,
It this case it appears that an indictment was found before twq justices, and that the defendant tendered a traverse, which was re. fused. The justices ought to have given the defendant an op por. tunity to traverse the force, for every inquisition is traversable by the stat. of Westm. See 13 Vin. Abr. 384. 11 Mod. 42. The first finding is in the nature of a presentment, which, upon traverse of the party, ought to be tried immediately; and if it he found no force, no restitution shall bp. 1 Sid. 287. 13 Vin. Abr. 392. In England thege traverses are tried at the quarter sessions, ¡before the same justices who take the inquisition. 13 Vin. Abr. 390, Com. Dig. For. Ent. D. 5. The justices of peace of this State are not authorised to try trayerses of this sort, and cannot summon juries fqr that purpose, according to the English practice. The inquisition is sometimes removed into the court of king’s bench, and the traverse there tried. 1 Salk. 260. The defendant play traverse the force, or plead three years possession, &c., which shall bar a restitution. 13 Vin. Abr. 38fj. Regularly, the writ of restitution should not be granted till the traverse is tried ; and if three years possession be pleaded, no restitution shall go till it be tried, fj Mod. 115. 13 Vin. Abr. 388. The justices ought to accept such plea, and try it as well in forcible entry, as in the case of restitution : and ought to stop restitution till such issue is tried. 11 Mod. 47. 13 Vin. Abr. 388. Cro. Jac. 199. 1 Hawk. P. C. ch. 64, sec. 58.
But the court of king’s bench; in England; hag power to try *125 indictments of forcible entry, Ac., though by statute, it seems none but the justice, or justices of peace, who take the same, shall try ¡them: for this court has a general power of .doing whatever any .inferior court may do ; and a superintending and .controlling power over all other courts. And in respect to this subject, that court has such a discretionary power, from an equitable construction of the statutes, that if a restitution shall appear to have been illegally awarded, or executed, the court may set it aside, and grant a re. restitution to the defendant. 1 Hawk. P. C. c. 64, sec. 63. 13 Vin. Abr. 392, 391. 2 Hale, P. C. 213. Cro. Eliz. 31. In this State, as the justices do not hold any quarter sessions, such indictments must be tried in the court of general sessions; and they have .commonly been returned into that court, without any writ of certiorari, and there tried like other indictments. This was done in the present case. The justices of peace may, perhaps, grant restitution before the indictment is tried ; but it seems more proper that the party indicted should be heard before restitution be granted. 13 Vin. Abr. 389, 390, 391. But if they grant restitution, the court of sessions may award a certiorari, which is a supersedeas to such .restitution; or after trial, a re-restitution will bo awarded. 13 Vin. Abr. 391, 392.
This appears to be the doctrine on this subject, which is stated at large, in order to shew the propriety of the method of proceeding, which has been pursued'in this case, and also to explain the law, of force in this state in relation to forcible entry and detainer, which is not generally well understood.
It remains to consider the objections taken to this indictment in arrest of judgment. With respect to the first exception, it can have no force in this case. The stat. 15 R. 2, c. 2, requires the jus. fice of peace to go to the place where the forcible entry is made,, and upon view of the force, to make a record of it, and commit the .offender. Com. Dig. For*. Ent D. 1. Such record, so made, shall be a conviction, and is not traversable. 8 Rep. 121, The same shall be certified to the king’s bench, or the next assizes, or quarter sessions. Halt. 44. And the party convicted shall be there fined. Ib. But if a defect appears in jthe conviction, it shall be quashed. 1 Sid. 156. If this was such a conviction, upon the 15 R. 2, and the motion now was, to quash the same, for the cause stated, the same ought to be quashed, because such conviction ought to pursue the statute. But this is an inquisition founded on the statutes 8 H. 6,.aijd SI Jac. 1, apd ought to be conformable to time statute?..
Griggs and Duncan, for defendant. Curves and Bailuy, for prosecution.
Before the motion in arrest of judgment was made, a writ of restitution had been moved for, and granted by the court. The constitutional court made no order on the subject, but after the judgment had been arrested, the defendant moved in the circuit court, at Charleston, that a writ of re-restitution might be awarded to him.
Oheviss, and Bailey, for the prosecutor,
now argued against the granting of a writ of re-restifution, and insisted, that the court had no authority to grant the same, inasmuch as the statutes which, in England, authorise the awarding writs of restitution, and re-restitution, are not of force here. Duncan, on the other side, insisted, that by the statutes made of force here, the courts have power to grant such writs. That the writ of restitution had been granted too hastily, and should not have been granted before the party convicted had an opportunity of moving the constitutional court to arrest the judgment, or grant a new trial. That the judgment having boen arrested, it was just and equitable that he should not be allowed to take any advantage of it, and that Speirin should be placed in the same situation he was in when the writ of restitution was granted.
The second exception in arrest of judgment must be sustained. "^le authorities on this point all agree, that an inquisition on these statutes ought to shew what estate the party, on whom the entry was m.ade, had. According to 8 H. 6, it ought to shew that the parjy jiac¡ a freehold ¡ and according to 21 Jac. 1, that he had a term for years, 1 Hawk. P. C. c. 64. 13 Vin. Abr. 303. 18 Mod. 417.
This inquisition sets forth no certain estate that the party had ; it is only stated that he had a term of time, but what term of time is uncertain. It might be for a term of time less than a year. He might, for any thing that appears to the contrary, have been a tenant at will, or at sufferance ; and these have been adjudged not to be within the statutes. Besides, it does not appear that the estate was subsisting at the time of the ouster, which ought to appear on the indictment. 13 Vin. Abr. 393.
Judgment arrested.
The court,
Brevard, J.,
ordered the writ of re-restitution to issue. The opinion of the court was, that the stat. 8 H. 6, which enables and authorises justices of peace, upon enquiry, to give restitution of possession to tenants o{ any estate of freehold of lands, or tenements, entered upon with force, or withheld by force, *127 sViust be considered as of force in this State, for the reasons following: l. Because the stat. 21 Jac. 1, c. 15, P. L. 75, can have no effect, unless it be construed with a reference to the said statute of 8 H. 6, c. 9, for it appears to have been passed on purpose to extend the power given by the latter statute to justices of peace in giving restitution,- to tenants for years, and others. 2.-Because the 2nd section of the act of 1712,- which makes certain English statutes of force hero, declares expressly, that where any reference is made in any of the statutes therein enumerated and made of force, to any former statute, as to the manner of recovery,- or execution of the same, or where the same are explained,' Continued, or confirmed, &.C., that such statute, so referred to, &e., shall be of force¡ P. L. 98. 3. Because the jury law of 1731, makes special provision for furtniug juries of inquests on forcible entries and detainers ; P. L. 127: which w'ould be idle and useless, unless it be held that the statute 8 H. 6, c. 9, is of force, since otherwise justices of peace can have no power to take such inquests.
Considering the statute 8 H. 6, c. 9, as in full force here, it must be allowed that the district courts do possess the power of awarding writs of restitution. The party ought to be heard and allowed to traverse the indictment before restitution ; and restitu. tion ought not to be granted till the conviction is established, and not while it is in suspense. This appears to be the best rule, though there are some authorities that may seem to contradict it. 13 Yin. 389, eí seq. And if this court has the power of granting restitution, it must be admitted that it has also the power of granting re-restitution, from an equitable construction of the same statute. 1 Hawk. P. C. 64, sec. 63.
All the English statutes on the subject of forcible entry and detainer, must be considered as of force here. The statute 5 R. 2, c. 8, defines the offence of forcible entry, making it unlawful to-enter with a strong hand, and a multitude of people, even in cases where, at common law, an entry was lawful, and in cases where a party disseized, might, by force, regain possession. The statute of 15 Ric. 2, c. 2, which is made of force, creates the offence of forcible detainer, which was not punishable by the common law. Then comes the statute, 8 H. 6, c. 9, which empowers justices of the peace to take inquisitions of these offences, and reseize the lands entered or holden by force, and put the party ousted, or held out, in possession. This statute contains a proviso that they who keep their possessions, with force, where they, or their ancestors," *128 or they, whose estate, they have, continued their possession for threá! years,- or more,-shall not be prejudiced by the statute, This pro. viso ‘s enforced, and explained,'by the stat. 81 Eliz. c. 11, Which shews what a party indicted may allege for stay of restitution a(Mj ¿ecjareg that restitution shall stay till such allegation be tried,' if it be denied. The stat. 21 J'ac. c. 15', which is made of force expresály, must be' construed in relation to the above mentioned statute of Eliz., because the last is in restraint of the power given by the stat. of 8 H. 6, c. 9j in awarding restitution, and the statute of James extends such power in behalf of other tenants, besides' freeholders ; and had the statúte of Eliz. in view when it passed.'
So the motion was granted.
The counsel, who argued against the motion,'signified that they would appeal from the decision made as above; but no motion was ever, submitted to the constitutional court.'
[Note. — An indictment for forcible entry and detainer will lié against' a third person, who entered after judgment against a former intruder,' and held possession by force. State v. Gilbert, 2 Bay, 355. In execu»' ting a writ of restitution, the sheriff is required to expel all persons whom he finds in possession of the premises. Ib. The indictment must describe the place with certainty. State v. Walker and Davidson, in constitutional court, Columbia, November, 1808. And it cannot be sup»' ported without some evidence of actual force, or threats and appearances of personal ill-usage. State v. Cargill, in constitutional court, Columbia, November, 1810. Justices of the peace in this State still have jurisdic-. tion of cases of forcible entry and detainer ; the acts divesting their ju.' risdiction of torts relating only to civil suits. State v. Huntingdon, 1 Treadw. 325. In that case there was a plea to the jurisdiction, 'which was overruled by the justices; and afterwards the inquest was taken, and was against the defendant, who traversed, and the whole proceedings were carrried to the court of sessions by certiórarv. Fb. The jury, from the evidence of a forcible detainer, may find the defendant guilty of' forcible entry ; and although the entry may have been surreptitiously ob tamed, yet, if continued by force, it will be regarded as forcible. State v. Burt, 2 Tread. 489. But the entry must be actual, not constructive merely ; although it need not be with a multitude of people. Even where' the entry is lawful,-it must not be made by a multitude; but where it is not lawful, it must not be made at all. Fb. When the defendant tra* ' verses the force, the writ of restitution ought not to be awarded until the traverse is tried ; but the defendant is not entitled to a term, of course, as in other misdemeanors. State v. Dayley, 2 N. and M. 121. By the 17th section of the act of 1829, for the regulation of magistrates in the parishes of St. Philip and St. Michael, “the forms and proceedings be-magistrate^ in cage's of-fcreiWe entry and detainer) shall hereafter *129 be ¿he same as are prescribed by law in cases where tenants hold over after the expiration of their leases ; acts of 1829, p. 30; and in the law prescribed in such cases,' it is provided, that the judgment of the justices and freeholders “ shall be final and conclusive to the parties in respect to the facts decided by it.” Acts of 1812, p. 41. But a certiorari will nevertheless be granted to correct errors of law; and it must be moved for in term time. State v. Senft, 2 Hill, 367. This 17th section of the act of 1829, seems to he intended for the whole State. The other sections' áre expressly confined to the parishes of St. Philip and St. Michael, but there is no such limitation in the 17th section ; and the title of the act is scarcely sufficient, on principle, to restrain the general operation of the enactment, sei quatre,}